IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKE LEAL GUERRERO, TDCJ #567945, § § § | | |
| Plaintiff, § § | | |
| v. § | CIVIL ACTION NO. H-06-0881 | |
| § | | |
| MELANIE POTTER, *et al.*, § § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

The plaintiff, Mike Leal Guerrero, is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Guerrero proceeds *pro se* and he requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

**I.     BACKGROUND**

Guerrero is currently in custody at TDCJ's Jester III Unit in Richmond, Texas. Guerrero sues the following TDCJ employees assigned to the Jester III Unit: Physician's Assistant Melanie Potter; Dr. Larry Largent; Administrator Noorallah Mackwani; and Dr. Kokila Naik. Guerrero alleges that these defendants provided him with inadequate medical care following an arm injury that he suffered on November 16, 2001. Guerrero concedes that he was treated for torn muscles, tendons, and ligaments in the arm, and that he received

approximately four months of therapy at the Physically Handicapped Offenders Program run by TDCJ at the Jester III Unit. After Guerrero completed that course of treatment in 2002, Dr. Naik reportedly declined to refer Guerrero for further treatment (*i.e.*, surgery) at the John Sealy Hospital in Galveston.

Guerrero complains that the defendants were "negligent" because more should have been done to treat his arm injury. He contends therefore that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Guerrero seeks compensatory as well as punitive damages for the emotional injuries he has suffered. The Court concludes, however, that Guerrero's complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences

which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id.* (citations omitted).

### III. DISCUSSION

#### A. The Complaint is Barred by Limitations

Guerrero's complaint fails because it is untimely. The pleadings reference incidents that occurred, if at all, in 2001 and 2002. Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). This means that once the above-referenced claims accrued the plaintiff had two

3

years to file a civil rights complaint concerning these allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

The complaint includes copies of grievances, showing that Guerrero was aware of the facts surrounding his claims no later than February 27, 2002, which is the date of his step-2 grievance. Guerrero's current complaint is dated March 13, 2006, which is well outside the two-year limitations period for the allegations that form the basis of his claims. Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Because Guerrero waited more than two years to file suit from the time these claims accrued, the above-referenced claims are subject to dismissal as frivolous.[1] *See Gartell*, 981 F.2d at 256.

**B.     The Complaint Fails to State a Claim**

---

[1] The Court notes that Guerrero filed suit against these same defendants in state court on March 14, 2004. However, Guerrero's motion for voluntarily dismissal was granted on March 22, 2005, after that suit was removed to federal court. *See Guerrero v. Potter*, Civil Action No. H-04-1486 (S.D. Tex.). Under these circumstances, Guerrero's prior lawsuit, which was also untimely filed, does not afford any tolling of the limitations period. *See e.g. Ford v. Sharp*, 758 F.2d 1018, 1023-24 (5th Cir. 1985) ("For purposes of the statute of limitations, the plaintiff receives no credit or tolling for the time that elapsed during the pendency of the original suit."); *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959) (holding that voluntary dismissal without prejudice "leaves the situation the same as if the suit had never been brought in the first place").

Alternatively, the allegations raised in the complaint accuse the defendants of negligent failure to provide proper care and reflect a disagreement of opinion about the level of treatment that Guerrero received. It is well established that allegations of "mere negligence in failing to supply medical treatment" will not suffice to demonstrate an Eighth Amendment claim. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.) ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not."), *cert. denied sub nom. Stewart v. Knutson*, 528 U.S. 906 (1999).

To the extent that Guerrero is dissatisfied with the level of his treatment or with the diagnoses, the Fifth Circuit has held repeatedly that mere disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. *See Stewart*, 174 F.3d at 535; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985); *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977). Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. *See Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). Accordingly, the Court concludes that Guerrero's claim fails to state a claim and is subject to dismissal under § 1915(e)(2)(b) for this alternative reason.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's request for leave to proceed *in forma pauperis* (Doc. #2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Mike Leal Guerrero (TDCJ #567945) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($250.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), as frivolous and for failure to state a claim.

4. The plaintiff's motion for appointment of counsel (Doc. #3) is **DENIED**.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **March 20, 2006.**

_____
Nancy F. Atlas
United States District Judge